UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNSON & JOHNSON VISION CARE, INC., a Florida corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>GENENTECH, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>  Defendants. | No. C-06-2898-SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I. **INTRODUCTION**

Plaintiff Johnson & Johnson Vision Care, Inc. ("Plaintiff" or "Johnson") brought this action against Defendant Genentech, Inc. ("Defendant" or "Genentech") alleging causes of action under California state law for, inter alia, unfair competition and tortious interference with economic advantage.[1]

Presently before the Court is Defendant's motion to dismiss

---

[1] The Court has jurisdiction over this action because it is alleged that complete diversity of citizenship exists between the parties. Specifically, Plaintiff is incorporated in Florida with its principal place of business therein. See Complaint ¶ 1. Defendant is incorporated in Delaware, with its principal place of business in California. See id. ¶ 2. Furthermore, the amount in controversy is alleged to be in excess of $75,000.00, exclusive of interests and costs. See id. ¶ 4.

1 Plaintiff's claims pursuant to Federal Rule of Civil Procedure
2 ("FRCP") 12(b)(6).
3 The Court, having reviewed the parties' submissions, GRANTS
4 Defendant's motion to dismiss Plaintiff's claims.  Accordingly,
5 Plaintiff's claims are DISMISSED WITH LEAVE TO AMEND.  The Court
6 GRANTS Plaintiff thirty days from the date of this Order to amend
7 and refile.  If Plaintiff fails to amend and refile these claims
8 by that date, the Court will deem the claims waived.

**II. BACKGROUND**

The following allegations are taken from Plaintiff's papers and will be assumed as true for purposes of this Order.

Plaintiff, a Florida corporation in the business of producing disposable contact lenses and ophthalmic pharmaceuticals and products, asserts that Genentech has hired away Plaintiff's "key employees" and is thereby "gaining an unfair competitive advantage" and avoiding the "time and costs normally required to establish and train its own effective sales and marketing force." Complaint ("Compl.") ¶¶ 7, 11.  As part of training its employees Plaintiff "entrusts its employees with J&J Vision's confidential information, including...the particular purchasing nuances of its customers...and the proprietary information regarding its products and business plans."  Id. ¶ 10.  Plaintiff also asserts that Genentech "recruited and hired such persons in a manner to disrupt J&J Vision's competing business," and to promote Genentech's new ocular product "Lucentis."  See id. ¶¶ 11, 14.

In the Complaint, Plaintiff alleges four causes of action: (1) tortious interference with Plaintiff's prospective economic

-2-

advantage, (2) common law unfair competition, (3) statutory unfair competition in violation of California Business and Professions Code § 17200 et seq., and (4) injunctive relief.  See Compl.

### III. LEGAL STANDARD

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "In reviewing a 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff."  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief."  FRCP 8(a); see also La Salvia v. United Dairymen, 804 F.2d 1113, 1116 (9th Cir. 1986).  Thus, the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

### IV. DISCUSSION

    A.   First Claim:  Tortious Interference with Prospective Economic Advantage

Plaintiff contends that "employee raiding can amount to a cognizable claim for interference with prospective economic advantage."  Plaintiff's Memorandum in Support of Motion to Dismiss ("Pl's. Mem.") at 9.

-3-

Defendant contends that this claim fails as a matter of law because Plaintiff fails to allege that Defendant committed an independently wrongful act. See Defendant's Memorandum in Support of Motion to Dismiss ("Def's. Mem.") at 8. Defendant also asserts that hiring another's employees is permitted and encouraged by California law and policy. See id. at 4.

To state a claim for tortious interference, a plaintiff must "must...plead and prove that the defendant engaged in an independently wrongful act in disrupting the relationship."[2] Reeves v. Hanlon, 33 Cal. 4th 1140, 1152 (Cal. 2004). There is no actionable wrong committed "if the interference consists merely of extending a job offer that induces an employee to terminate his or her at-will employment."[3] Id. at 1153. Rather, wrongful acts are "[c]onduct that was wrongful by some legal measure other than the fact of the interference itself." Witkin, Summary of California Law (10th ed. 2005), Volume 5, Torts, § 742. More specifically, the California Supreme Court has stated that "an act is independently wrongful if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal

---

[2] Wrongful acts are part of the third element of this tort. In full, the elements are (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts by the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused the acts of the defendant. See Witkin, Summary of California Law (10th ed. 2005), Volume 5, Torts § 742.

[3] An "interference with an at-will contract properly is viewed as an interference with a prospective economic advantage." Reeves v. Hanlon, 33 Cal. 4th 1140, 1152 (Cal. 2004).

-4-

1 standard." <u>Reeves</u>, 33 Cal. 4th at 1145, quoting <u>Korea Supply Co.</u>
2 <u>v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1158 (Cal. 2003).

3 The Court finds that Plaintiff has not stated a claim for
4 which relief can be granted. Aside from stating watery notions
5 that their former employees will use their training and contacts
6 for the benefit of their new employers, Plaintiff points to no act
7 that is independently wrongful by some determinable legal
8 standard. Any former employee will use at his new job the skills
9 he's developed and the contacts he's made at his former job. Any
10 abrupt departure of employees will make it, for a time, difficult
11 to conduct business. If these occurrences were unlawful <u>per</u> <u>se</u>,
12 all cases of hiring away another's employees would be tortious.
13 California law, however, requires that in order to be actionable,
14 Defendant would have had to commit an act that is legally
15 wrongful.

16 <u>Reeves</u> is instructive on this. In <u>Reeves</u>, the defendants
17 "solicited plaintiffs' clients to discharge plaintiffs [as their
18 attorneys]...misappropriated plaintiffs' trade secrets, destroyed
19 computer files and data, and withheld plaintiffs' property,
20 including a corporate car." <u>Reeves</u>, 33 Cal. 4th at 1145-1146.
21 The California Supreme Court found that these actions indicated
22 that "defendants did not simply extend job offers to plaintiffs'
23 at-will employees. Rather defendants purposely engaged in
24 unlawful acts that crippled plaintiff's business operations and
25 caused plaintiffs' personnel to terminate their at-will employment
26 contracts." <u>Id</u>. at 1155.

27 In the instant case, Plaintiff has failed to plead that

-5-

1  Defendant committed independently wrongful acts. Accordingly, the
2  Court GRANTS Defendant's motion to dismiss this cause of action.
3  Plaintiff's first cause of action is DISMISSED WITH LEAVE TO
4  AMEND. The Court GRANTS Plaintiff thirty days from the date of
5  this Order to amend its Complaint as to this claim. If Plaintiff
6  fails to timely refile this claim, the Court will deem this claim
7  waived.

### B. Second Claim: Common Law Unfair Competition

Plaintiff contends that Defendant's hiring away of its key employees constitutes unfair competition because it is now "difficult [for Plaintiff] to provide services to its customers" and the employees' abrupt departure deprived Plaintiff of "a reasonable opportunity to hire and train replacements." Compl. ¶ 25.

Defendant contends that Plaintiff fails to state a claim for relief because Plaintiff fails to identify any particular unfair competition theory and because "there is simply nothing 'unfair' about what is claimed here." Def's. Mem. at 13.

"The essence of the tort of [common law] unfair competition is the inequitable pirating of the fruits of another's labor and then either 'palming off' those fruits as one's own (deception) or simply gaining from them an unearned commercial benefit." KGB, Inc. v. Ted Giannoulas, 104 Cal. App. 3d 844, 850 (Cal. Ct. App. 1980). More specifically, the "tort of common law unfair competition is limited to instances of 'passing off,' or acts analogous to 'passing off,' one's goods as those of another." Sigma Dynamics, Inc. v. E. Piphany, Inc., No. C-04-569, 2004 U.S.

-6-

1 Dist. LEXIS 24261 at *14 (N.D. Cal. May 21, 2004), citing
2 Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1147 (9th
3 Cir. 1997).

Because Plaintiff makes no allegations of passing off or acts analogous to passing off, the Court GRANTS Defendant's motion to dismiss this claim. Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND. The Court GRANTS Plaintiff thirty days from the date of this Order to amend its Complaint as to this claim. If Plaintiff fails to timely refile this claim, the Court will deem this claim waived.

    C.    <u>Third Claim: Unfair Competition, California Business and Professions Code § 17200, et seq.</u>

Plaintiff contends that Defendant's acts constitute an unlawful and unfair competition in violation of California's Business and Professions Code § 17200, et seq.

Section 17200 defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice." Because it is written in the disjunctive, one can bring claims that are unlawful or unfair or fraudulent. See Gregory v. Albertson's Inc., 104 Cal. App. 4th 845, 851 (Cal. Ct. App. 2002).[4]

Because Plaintiff has not put forth factual allegations of unlawful or fraudulent acts, the Court must look to whether Plaintiff has alleged facts sufficient to state a claim for an

---

[4] To state it another way, section 17200, the aim of which is to preserve fair business competition, allows plaintiffs to bring claims for acts that are not unlawful, but acts that are anti-competitive or injure consumer. See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company, 20 Cal. 4th 163, 179-180 (Cal. 1999).

-7-

unfair labor practice.

Plaintiff has failed to state a claim for relief. As the California Supreme Court has stated, "[w]here no unlawful methods are used, public policy generally supports a competitor's right to offer more pay or better terms to another's employee, as long as that employee is free to leave." Reeves, 33 Cal. 4th at 1151. The Court finds it legally unsupportable to allege that a practice favored by public policy is unfair under California law.

Based on this reasoning, the Court GRANTS the motion to dismiss. Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND. The Court GRANTS Plaintiff thirty days from the date of this Order to amend its Complaint as to this claim. If Plaintiff fails to timely refile this claim, the Court will deem this claim waived.

D.   Fourth Claim:  Injunctive Relief

Because the legal feasibility of the claims is currently in doubt, the Court finds that it cannot grant Plaintiff's request for injunctive relief. Accordingly, the motion to dismiss is GRANTED. Plaintiff's fourth claim is DISMISSED WITH LEAVE TO AMEND. The Court GRANTS Plaintiff thirty days from the date of this Order to amend its Complaint as to this claim. If Plaintiff fails to timely refile this claim, the Court will deem this claim waived.

//
//
//
//

-8-

**V.     CONCLUSION**

The Court GRANTS Defendant's motion to dismiss Plaintiff's claims.  Accordingly, Plaintiff's claims are DISMISSED WITH LEAVE TO AMEND.  The Court GRANTS Plaintiff thirty days from the date of this Order to amend and refile.  If Plaintiff fails to amend and refile these claims by that date, the Court will deem the claims waived.

        IT IS SO ORDERED.

        Dated:   August 3, 2006

                                    _____
                                    UNITED STATES DISTRICT JUDGE